UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTOINE LASHAWN SMITH, ) <br> ) <br> Defendant. ) | Case No. CR-24-317-R |

## **ORDER**

Before the Court is Defendant's Motion for Relief from Final Judgment Pursuant to Rule 60(b) [Doc. No. 38]. Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 96 months imprisonment [Doc. No. 36]. He now seeks relief from that judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based on alleged errors in his sentencing guideline range.

"Rule 60(b) has no applicability to a criminal proceeding" and is "not an independent source of jurisdiction in a criminal case." *United States v. Triplett*, 166 F. App'x 362, 365 (10th Cir. 2006). Accordingly, the Court has no jurisdiction to address the merits of Defendant's motion, and it is therefore DISMISSED.

The Court additionally notes that some of Defendant's arguments may be more appropriately construed as seeking to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. This provision provides the exclusive remedy for a federal prisoner seeking relief from his federal sentence. *Baker v. Sheriff of Santa Fe Cnty.*, 477 F.2d 118, 119 (10th Cir. 1973). However, because of the consequences associated with filing multiple motions

under § 2255, the Court declines to recharacterize Defendant's motion as brought pursuant to § 2255. *See Triplett,* 166 F. App'x at 366 (explaining that there are restrictions on subsequent § 2255 motions). The Clerk of Court is directed to send Defendant the forms necessary for filing a Motion under 28 U.S.C. § 2255 should he wish to pursue this avenue.

IT IS SO ORDERED this 5th day of March 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE